UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY CASTRO, | No. 2:24-cv-0928 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| PATRICK COVELLO, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

     Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Plaintiff's second amended complaint is before the court for screening.

     As in his amended complaint, plaintiff complains about instances in which his mail was opened outside of his presence by prison officials and presumably read. However, plaintiff fails to point to anything suggesting this amounts to a denial of a federal right. While plaintiff generally has a right to not have mail from an attorney representing him opened outside of

/////

1

1  his presence, <u>Hayes v. Idaho Correctional Center</u>, 849 F.3d 1204, 1210 (9th Cir.2017), plaintiff's
2  allegations do not concern mail from an attorney.
3     Plaintiff also complains about the loss of letters.  No federal claim is stated.  In particular,
4  the United States Supreme Court has held that "an unauthorized intentional deprivation of
5  property by a state employee does not constitute a violation of the procedural requirements of the
6  Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the
7  loss is available."  <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984).  The California Legislature has
8  provided a remedy for tort claims against public officials in the California Government Code, §§
9  900, <u>et</u> <u>seq</u>.
10    For these reasons, plaintiff's second amended complaint must be dismissed.  Because it
11 does not appear that plaintiff can, in good faith, state a claim upon which relief can be granted,
12 the court will not grant leave to file a third amended complaint.
13    Finally, plaintiff has filed a motion asking that this case be consolidated with 2:23-cv-
14 0694 DC AC and reassigned to Magistrate Judge Allison Claire.  Under court procedure, it is
15 generally the judge assigned to the older case who determines whether the newer case should be
16 reassigned to that judge.  <u>See</u> Local Rule 123.  Therefore, the motion to consolidate is properly
17 addressed in plaintiff's other case.
18    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to consolidate (ECF No.
19 16) is DENIED.
20    IT IS HEREBY RECOMMENDED that:
21    1.  Plaintiff's second amended complaint be dismissed; and
22    2.  This case be closed.
23    These findings and recommendations are submitted to the United States District Judge
24 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
25 after being served with these findings and recommendations, plaintiff may file written objections
26 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
27 and Recommendations."  Plaintiff is advised that failure to file objections within the specified
28 /////

time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 3, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cast0928.frs

3